[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 123)
The plaintiff, Sa'Vonta Hunter, filed a six-count amended complaint against the following defendants: Mazda of Milford a/k/a Milford Mazda a/k/a Volvo City Milford-New Haven, Inc. n/k/a Connecticut's Own Volvo (Mazda of Milford [seller of automobile]); Mazda Motors of America, Inc. (MMAI [distributor of automobile]); and Bridgestone/Firestone, Inc. (Bridgestone [manufacturer of tire].). The plaintiff alleges in count one that on or about June 14, 1995, she purchased a 1995 Mazda Protege automobile from Mazda of Milford, and that the front passenger tire was improperly designed and manufactured and inherently dangerous. The plaintiff further alleges that on or about October CT Page 3196 20, 1996, while operating the automobile on Interstate 95, the defective front passenger tire exploded or blew and was completely shredded due to the negligence of Mazda of Milford, causing the plaintiff to sustain lasting fear, anxiety, emotional trauma and distress, as well as a loss of income. The plaintiff alleges in count two that Mazda of Milford's conduct in count one is in violation of the Connecticut Product Liability Act, General Statutes § 52-572 (n) et seq.
The plaintiff alleges in count three that her losses were due to the fact that MMAI carelessly and negligently designed, manufactured and inspected the tire in that MMAI knew or should have known that the tire was not of sufficient durability for the purpose for which it was intended. The plaintiff alleges in count four that the conduct of MMAI is in violation of the Connecticut Product Liability Act.
The plaintiff alleges in count five that Bridgestone was negligent as it knew or should have known that the tire was not of sufficient durability for the purpose for which it was intended due to an unidentified defect, and that Bridgestone breached its express and implied warranties as to the mileage capacity of the tire. The plaintiff alleges in count six that the conduct of Bridgestone violates the Connecticut Product Liability Act.
MMAI has filed a motion for summary judgment as to the plaintiffs claims against it in the third and fourth counts on the ground that they are barred by the doctrine of unspecified defect. The plaintiff has filed an objection to the motion for summary judgment, and the matter was heard by the court on January 19, 1999.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to CT Page 3197 demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998).
MMAI[1] argues that the plaintiff's claim is that some unspecified defect in the tire caused her injuries. MMAI contends that under the products liability act, a plaintiff need not establish a specific defect as long as there is evidence of an unspecified dangerous condition where other identifiable causes are absent. MMAI further contends that there is not sufficient evidence to reasonably infer, without resorting to conjecture or speculation, that a defect existed at the time the tire left MMAI's control. MMAI argues that the plaintiff has failed to rule out other possible causes as to why the tire blew, such as road hazards or that the plaintiff had already driven for at least twenty thousand miles on the tire.[2]
The plaintiff argues that her allegations that the tire was not tough enough or strong enough constitutes a specific specification under the products liability act as to what she believes caused the tire to blow. In the alternative, the plaintiff argues that she need not establish a specific defect as long as there is evidence of an unspecified dangerous condition where other identifiable causes are absent. The plaintiff contends that the tire that blew was not worn and that the vehicle did not hit any sharp object or hole before it blew into pieces and was shredded.[3] The plaintiff claims that since there are no other identifiable causes and MNAI has not submitted or produced evidence of other identifiable causes, the plaintiff has satisfied the requirements under the products liability act.
"The plaintiff [in a products liability action] must prove that the product is unreasonably dangerous. To be considered unreasonably dangerous the product `must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.' Restatement (Second), 2 Torts § 402A, comment i. It is not necessary that the plaintiff in a strict tort action establish a specific defect so long as there is evidence of some unspecified dangerous condition. . . . Whether a product is unreasonably dangerous is a question of fact to be determined by the jury. In determining this question the jury can draw their own conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large. . . . The jury may rely on CT Page 3198 circumstantial evidence to establish the dangerous condition of the product. . . . In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of a defect under § 402A." (Citations omitted.) Liberty Mutual Ins. Co. v. Sears.Roebuck Co., 35 Conn. Sup. 687, 690-91, 406 A.2d 1254, cert. denied, 177 Conn. 754, 399 A.2d 526 (1979).
"The mere fact that there is sufficient evidence to infer a defect does not necessarily mean that there is sufficient evidence to infer that the defect existed at the time of sale. Normally, the questions of when and where a defect originated will be left to the jury. . . . Where the answers to these questions would be based only on speculation or conjecture, however, the answers cannot stand. . . . The test for the sufficiency of evidence used to prove that a product was defective at the time of sale will be more difficult to meet where circumstantial, and not direct, evidence of the defect is produced.
Where the jury are presented with sufficient direct evidence of a specific defect, either in design or manufacture, the length of time between sale and injury may be of little consequence. . . . Where the evidence of a defect is wholly circumstantial and consists of the malfunction itself, however, the likelihood that the defect existed at the time of sale is more speculative. This is so because where a specific defect in design or manufacture is proved, the jury are presented with evidence of the condition of the product before it left the manufacturers or seller's hands. No such evidence is put forward when the defect is circumstantially proved from the fact of the malfunction. This lack of evidence of the existence of a specific defect, though not fatal to the plaintiff's case, does require that the evidential bridge linking the defect with the time of sale be more substantial than might otherwise be appropriate.
Although the amount of time between purchase and injury is a significant factor in the inferential equation, it is not the only one. To it must be added other factors that might account for an alteration of the product after sale, including improper use, modification, tampering or improper maintenance. Taking these factors into consideration, we must look to the facts of each case to determine whether `reasonable and well balanced minds [could] be satisfied from the evidence adduced that the defective condition existed when the [product] was delivered.'" (Citations omitted.) Living Learning Centre, Inc. v. GrieseCT Page 3199Custom Signs, Inc., 3 Conn. App. 661, 665-66, 491 A.2d 433 (1985)
Although the plaintiff argues that she has presented evidence of a specific defect in the tire, her evidence consists of the malfunction itself, which is circumstantial evidence of a defect, rather than direct or specific evidence.[4] As discussed above, evidence of a malfunction itself is not enough to sustain a claim under the products liability act without showing that the defect existed at the time of sale. "If evidence of a malfunction were to be given such probative force that it raised the presumption of a defect, to avoid a directed verdict a defendant manufacturer would have to come forward with evidence that a product is not defective or did not proximately cause the injury. This would be unfair where the product has been destroyed or damaged so that proof of absence of a defect is virtually impossible. In effect defendants would be made insurers." O'Connor v. General Motors Corp.,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 028104 (April 25, 1997, Corradino, J.) (21 Conn. L. Rptr. 151).
The plaintiff testified at her deposition that from the time the Mazda Protege was delivered to the plaintiff on or about June 14, 1995, until the accident on October 20, 1996, roughly 20,000 miles were put on the automobile. (Motion For Summary Judgment, Exhibit A, Affidavit of Sa'Vonta Hunter, p. 24). The plaintiff's claim is based on her assumption that because the tire shredded, "there had to be something wrong with it." (Exhibit A, p. 49). The plaintiff also testified, however, that no expert has examined the tire. (Exhibit A, p. 49; Exhibit C, Notice of Compliance With Defendant's Request For Interrogatories and Production, ¶ 48). In her own affidavit, the plaintiff avers only that her injuries were caused because the subject "tire was not though [sic] enough. . . ." (Objection To Motion For Summary Judgment, Affidavit of Sa'Vonta Hunter, ¶ 4).
The plaintiff has failed to present any evidence indicating that the alleged defect existed at the time the tire was sold. In cases of the type brought by the plaintiff, where evidence of the defect is based solely on the fact that the product malfunctioned and where the allegedly defective product is lost or destroyed, the burden is on the plaintiff to form an evidential bridge between the condition of the product at the time of sale until the defect manifests itself. In the absence of such an evidential bridge, the plaintiff's claims that the product must have been defective are held to be too speculative, and the general course of presenting such a claim to the jury is properly denied. In CT Page 3200 addition, the plaintiff has failed to present any genuine issue of material fact by showing that the blow out was not due to something other than an unspecified defect in the tire itself.
Accordingly, MMAI's motion for summary judgment as to counts three and four of the amended complaint is granted:
SKOLNICK, J.